1 GEORGE S. CARY, Bar No. 73858
2 gcary@cgsh.com
  2000 Pennsylvania Avenue, NW
3 Washington, DC 20006
  Telephone:  (202) 974-1500
4 Facsimile:    (202) 974-1999
5
  BOAZ S. MORAG (*pro hac vice* application
6 forthcoming)
7 bmorag@cgsh.com
  1 Liberty Plaza
8 New York, NY 10006
  Telephone:  (212) 225 2000
9 Facsimile:    (212) 225-3999
10
11 CLEARY GOTTLIEB
   STEEN & HAMILTON LLP
12
13 Attorneys for Defendant
   REPUBLIC OF SERBIA
14
                    UNITED STATES DISTRICT COURT
15
                   CENTRAL DISTRICT OF CALIFORNIA
16
17

| | |
|---|---|
| 18  DANIEL CAVIC, DBA D.C. PRECISION COMPANY, | Case No. 8:16-mc-00023 |
| 19                       Plaintiff, | |
| 20            v. | **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446** |
| 21  REPUBLIC OF SERBIA and JUGOBANKA A.D. BEOGRAD, A NEW YORK BANKING AGENCY, | |
| 22 | |
| 23                   Defendants. | |
| 24 | |

25
26
27
28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant the Republic of Serbia, by its attorneys, Cleary Gottlieb Steen & Hamilton LLP, hereby removes the above-captioned action bearing Case No. 30-2015-00824884-CU-BC-CJC in the Superior Court of California, County of Orange, to the United States District Court for the Central District of California.  The Republic of Serbia appears for the purposes of removal only and for no other purpose and reserves all defenses and rights available to it including, without limitation, that it be properly served with process and sovereign immunity.  The Republic of Serbia states as follows:

**Background**

1.    This action was commenced on or about December 9, 2015 in the Superior Court of California, County of Orange, as Case No. 30-2015-00824884-CU-BC-CJC.

2.    Daniel Cavic, DBA D.C. Precision Company ("Plaintiff"), is a citizen of California and the plaintiff in this action.  Complaint ¶ 1.  Plaintiff is proceeding *pro se*.

3.    The Republic of Serbia is a defendant in this action.  The Republic of Serbia is a "foreign state" as defined in the United States Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(a).

4.    The other defendant is "Jugobanka A.D. Beograd, a New York Banking Agency" ("Jugobanka New York Agency").  Jugobanka has not appeared in this action.  Upon information and belief, the assets of Jugobanka are currently in the possession of the Superintendent of the Department of Financial Services of the State of New York.

5.    Plaintiff alleges that in 1991, he deposited $31,273 with the Jugobanka New York Agency.  Complaint ¶ 1.  He further alleges that Jugobanka is owned by the Republic of Serbia, and the Republic of Serbia is obliged to pay all claims

against Jugobanka.  Complaint ¶ 10.  Plaintiff asserts causes of action for breach of contract, fraud, and unfair business practices.  Complaint ¶ 18-32.  He seeks "compensatory damages," "general damages," and "punitive damages" in the amount of $250,000.  Complaint pg. 7.

6.     Attached hereto as Exhibits A through NN are copies of all records and proceedings in the state court pursuant to 28 U.S.C. § 1446(a).

**This action is removable to this Court**

7.     This is a civil action against a foreign state, which may be removed in its entirety by the Republic of Serbia to this Court pursuant to 28 U.S.C. § 1441(d).

8.     This action was filed in the Superior Court of California, County of Orange.  Thus, venue properly lies in this Court.  *See* 28 U.S.C. §§ 84(c)(3), 1446(a).

**This notice of removal is timely**

9.     In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), the United States Supreme Court held that the time specified in 28 U.S.C. § 1441 within which to remove an action from state court does not start to run until formal service of process, even if the defendant has notice of the suit prior to service.  The removal clock does not start to run until proper service is made, and it is for the federal court in a removed action to determine the propriety of service attempted to be effected while the case was pending in state court.  *See Robertson v. GMAC Mortg., LLC*, No. 14-35672, 2016 WL 145827, at *2 n.3 (9th Cir. Jan. 5, 2016).

10.     Plaintiff has not properly served the Republic of Serbia.  The FSIA, 28 U.S.C. § 1602 *et seq.*, provides the sole means for effecting service of process on a foreign state.  *See* 28 U.S.C. § 1608(a); H.R. Rep. No. 94-1487, at 23 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 6604, 6622 ("Section 1608 sets forth the exclusive procedures with respect to service on . . . a foreign state . . . .").  The FSIA prescribes four methods of service, in descending order of preference.  *See* 28

2

U.S.C. § 1608(a)(1)-(4).  Plaintiffs must attempt service by the first method, or determine that it is unavailable, before attempting subsequent methods in the order in which they are laid out.  *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1129 n.4 (9th Cir. 2010).

11.     The first method is service "in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." *Id.* § 1608(a)(1).  In the absence of such a special arrangement, the statute next permits service "in accordance with an applicable international convention on service of judicial documents." *Id.* § 1608(a)(2).  The Republic of Serbia and the United States are parties to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965,  20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention").[1] Accordingly, under the FSIA, service must be attempted under the Hague Service Convention before resort can be had to any other method.

12.     If service cannot be made through an applicable international convention (here, the Hague Service Convention), it can be effected by having the court clerk send to the foreign state's head of the ministry of foreign affairs, via "any form of mail requiring a signed receipt," a "copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state." *Id.* § 1608(a)(3).  If service cannot be made within 30 days by this approach, it can be made by having the court clerk send "two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state" to the United States Secretary of

---

[1] The United States Department of State informs litigants seeking to serve process in the Republic of Serbia to do so pursuant to the Hague Service Convention. *See Travel.State.Gov*, "Legal Considerations—
Serbia,"  https://travel.state.gov/content/travel/en/legalconsiderations/judicial/
country/serbia.html (last visited Oct. 10, 2016).

State, who shall then transmit one copy of the papers through diplomatic channels. *Id.* § 1608(a)(4).

13.    Here, Plaintiff's attempted service did not satisfy *any* of the four service methods prescribed by the FSIA, much less follow the prescribed order.  Plaintiff's Amended Proof of Service of Summons (ROA 13) recites that on December 31, 2015, the Complaint and its Exhibits were "left . . . with or in the presence of" Mr. Ljubomir Postic, Consul of the Republic of Serbia at the Embassy of the Republic of Serbia, 2233 Wisconsin Ave., N.W., Suite 410, Washington, DC 20007.

14.    There is no indication that Plaintiff attempted to serve the Republic of Serbia through the Hague Service Convention.  Moreover, the attempted service on the Embassy was not (1) "addressed and dispatched by the clerk of the court," (2) sent by a "form of mail requiring a signed receipt," (3) addressed "to the head of the ministry of foreign affairs," or (4)  accompanied by a notice of suit and a Serbian translation of the Complaint—all of which are required under § 1608(a)(3).[2]  Service on the Embassy was improper.  *See Autotech Techs. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 748-49 (7th Cir. 2007) ("Service through an embassy is expressly banned both by an international treaty to which the United States is a party and by U.S. statutory law."); *Rhuma v. Libya*, No. 2:13-CV-2286 LKK AC, 2014 WL 1665042, at *4 (E.D. Cal. Apr. 24, 2014), report and recommendation adopted, No. 2:13-CV-2286 LKK AC, 2014 WL 2548861 (E.D.

---

[2] Even if it were proper to give effect to service on a foreign state that only substantially complies with § 1608(a), Plaintiff's attempted service does not constitute substantial compliance.  *C.f. Peterson*, 627 F.3d at 1129 and 1129 n.4 (finding that when no international service convention existed between the United States and Iran, the plaintiffs substantially complied with § 1608(a)(3) when the plaintiffs satisfied every requirement, but the plaintiffs' counsel (rather than the court clerk) dispatched the mailing).

Cal. June 5, 2014) (citing cases) ("[P]ersonal service on a foreign state's embassy fails to comply with Section 1608(a).") .

15.     Accordingly, because Plaintiff attempted service in a manner that violated the FSIA, service was not properly effected and the removal clock did not start running. *Robertson,* 2016 WL 145827 at *2, n.3 ("[T]he thirty-day period under § 1446(b) begins to run when the defendant is properly served with process."); *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (The thirty-day period for removal never began to run because the defendant was not properly served.).

**Cause exist for extending the 30-day removal period**

16.     In any event, under 28 U.S.C. § 1441(d), the Court may extend the 30 day removal period "for cause shown."  The statute requires only cause, not good cause.  Factors courts will consider in determining whether there is "cause" for extending the removal period include "the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay [i.e., cause], and whether the movant acted in good faith." *Big Sky Network Canada, Ltd. v. Sichuan Provincial Gov't*, 533 F.3d 1183, 1187 (10th Cir. 2008).

17.     Here, although no extension is required as set forth above, cause exists for extending the 30-day removal period.  The Republic of Serbia did not delay in filing this notice of removal out of any bad-faith motivations.  Furthermore, extending the removal period will cause no prejudice to Plaintiff.  Although he filed a Request for Entry of Default (ROA 19), the FSIA provides that "[n]o judgment by default shall be entered by a court of the United States or of a State against a foreign state . . . unless the claimant established his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e).  Even before reaching the merits of Plaintiff's claim, the state court would need to satisfy itself that the Plaintiff has acquired jurisdiction over the Republic of Serbia via proper service

5

1   and has overcome the Republic of Serbia's immunity from suit under 28 U.S.C.

2   § 1604, which the Plaintiff has not done.

3   **Consent by all defendants is not required**

4       18.   Under 28 U.S.C. § 1441(d), a Notice of Removal filed by a foreign

5   state defendant removes the entire "action," and there is no requirement that any

6   other defendant join in or consent to the notice of removal. *Teledyne, Inc. v. Kone*

7   *Corp.*, 892 F.2d 1404, 1409 (9th Cir. 1989).

8   **Notice will be given to Plaintiff and the state court**

9       19.   The Republic of Serbia will promptly give written notice of this Notice

10  of Removal to Plaintiff and will file a copy of this Notice with the clerk of the

11  Superior Court of California, County of Orange, pursuant to 28 U.S.C. § 1446(d).

12
13  Dated:  October 17, 2016                Respectfully submitted,

14
15                                          CLEARY GOTTLIEB STEEN &
                                            HAMILTON LLP
16
17
18                                          By: /s/ George S. Cary
                                               GEORGE S. CARY
19
20                                          Attorneys for Defendant
                                            REPUBLIC OF SERBIA
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

WASHINGTON, DISTRICT OF COLUMBIA

    I, Clay P. McKeon, am an assistant managing clerk at the Washington office of Cleary Gottlieb Steen & Hamilton LLP. My business address is Cleary Gottlieb Steen & Hamilton LLP, 2000 Pennsylvania Avenue N.W., Washington D.C., 20006.  I am over the age of 18 years and am not a party to the within action.

    On October 17, 2016, I declare under penalty of perjury under the law of the United States of America that I served the foregoing NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446 on the following pro se counsel of record who have appeared in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

    1.    Daniel Cavic
        1122 Buckingham Drive, Apt. C
        Costa Mesa, CA 92626

    ☒    BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, the envelopes would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Washington, DC in the ordinary course of business.  The envelopes were sealed and placed for collection that same day following ordinary business practices, addressed to the above parties.

Executed on October 17, 2016, at Washington, DC.

_____
Clay P. McKeon